HENRY OHLSON vs. JOHN MANDERFELD.

November 1, 1881.

New Trial—Evidence necessary to Sustain Verdict.—Where a motion for a new trial, upon the ground that the verdict is not justified by the evidence, is denied by the trial court, the order denying a new trial will be reversed only in cases where there is no evidence reasonably tending to sustain the verdict, or where it is most manifestly and palpably against the weight of evidence.

Notice to Sheriff before Suit for Conversion.—Gen. St. 1878, c. 66, § 154, only applies to cases where the property was taken by the sheriff while in possession of the defendant in the process, or his agent, under circumstances which would create a presumption *prima facie* of ownership in him; following former decisions of this court.

Same—Dispute as to Fact of Possession—Question for Jury.—Where there is evidence tending to show that the property was not in the possession of the defendant in the process, and where, upon the evidence, it is an open question whether the property was, at the time of the levy, in the possession of such defendant, or of another, the court would have no right to hold, as a matter of law, that service of an affidavit and notice of a claim upon the sheriff was necessary. In such cases the question of possession must be left to the jury under proper instructions.

The evidence in this case considered, and *held* sufficient to sustain the verdict.

Appeal by defendant, who is sheriff of Brown county, from an order of the district court for that county, *Cox*, J., presiding, refusing a new trial.

*J. Newhart* and *S. L. Pierce,* for appellant.

*J. M. Thompson,* for respondent.

MITCHELL, J. Appeal from an order denying a new trial. The grounds of the motion were—*First,* errors. in law occurring at the trial; *second,* that the verdict was not justified by the evidence. The action was for the wrongful taking and conversion of certain stacks of grain, alleged to be the property of the plaintiff. The answer denies plaintiff's title, alleges title in one Conrad Gieseke, and justifies the taking by defendant, as sheriff, under an execution against Gieseke. The only error alleged to have occurred at the trial which was urged upon the argument, or which we deem necessary to notice, was the refusal of the court, on the motion of defendant, when plaintiff rested his case, to dismiss the action, upon the ground, as we understand the case, that plaintiff had failed to show that he had served upon defendant sheriff an affidavit and notice of his claim, as required by Gen. St. 1878, *c.* 66, § 154. The motion was properly denied, for the reason, among others, that when plaintiff rested it had neither been admitted nor proved that defendant had taken the property as sheriff upon any legal process.

The defendant further contends that the evidence shows that the claim of ownership of the property by plaintiff was merely colorable, and a sham devised in fraud of the creditors of Gieseke, and for that reason the court below erred in not granting a new trial. It appears from the evidence that the property in question was grain raised upon the farm of Gieseke, in the year 1880; that prior to that year, at least, Gieseke lived upon the farm and cultivated it himself. The plaintiff introduced evidence tending to show that on the first of April, 1880, he rented the land from Gieseke for the year 1880, for a cash rent by him paid to Gieseke in advance; that, under such lease, he planted and raised the grain in question; and that the work which Gieseke did in connection with the crops, he was hired to do by plaintiff, the former continuing to live in the house situate upon the land, and the latter boarding with him.

We admit that a consideration of the entire evidence impresses us with at least a suspicion that the transaction of the pretended lease might have been designed merely as a cover to put the crops out of

the reach of process in favor of Gieseke's creditors. But the transaction might have been an honest one; and the jury having in substance so found, we cannot say that the verdict is not justified by the evidence, or that the court below erred in refusing to grant a new trial. This court will not reverse an order denying a new trial, simply because they may be of opinion that the verdict is against the preponderance of evidence. The trial court had the advantage, not possessed by this court, of having heard the witnesses testify, and of seeing them upon the stand, and of observing their appearance and manner of testifying; circumstances upon which, to a considerable extent, the weight to be given to their evidence depends. Therefore, whether or not a new trial should be granted on the ground that the verdict is against the evidence, must, to a certain extent, be left to the judgment and discretion of the trial court; and, where the evidence is conflicting, or such that either of the two conclusions may be fairly and reasonably drawn from it, this court will not reverse an order denying a new trial. Such an order would be reversed only in cases where there is no evidence reasonably tending to sustain the verdict, or where it is most manifestly and palpably against the weight of evidence. *Egan* v. *Faendel,* 19 Minn. 231.

The defendant further contends that a new trial should have been granted, because there was no evidence that plaintiff made and served upon the defendant any affidavit and notice of his claim to the property, as required by Gen. St. 1878, *c.* 66, § 154. It is now the well-settled doctrine of this court that the statute cited only applies to cases where the property was taken by the sheriff while in the possession of the defendant in the process, or his agent, under circumstances which would create a presumption *prima facie* of ownership in him. *Barry* v. *McGrade,* 14 Minn. 163; *Butler* v. *White,* 25 Minn. 432; *Tyler* v. *Hanscom, ante,* 1. It has also been held by this court that where there is evidence tending to show that the property was not in the possession of the defendant in the process, or where, upon the evidence, it is an open question whether the property was in the possession of such defendant or of another, a motion to dismiss the action, or to instruct the jury to find for the defendant, because no affidavit or notice was served upon the sheriff, would be

properly refused. *Moulton* v. *Thompson*, 26 Minn. 120; *Jones* v. *Town*, Id. 172. In such cases, the court would have no right to hold, as a matter of fact, that the defendant in the writ was in possession, and that the service of an affidavit and notice of claim upon the sheriff was necessary. In such cases, the question of possession must be left with the jury, under proper instruction.

In the case under consideration, there was evidence tending to show that plaintiff was in the possession and use of the land on which this grain was raised; that he sowed the grain, harvested and stacked it, having hired Gieseke with his team and machinery to assist him. The grain was levied upon by defendant, almost as soon as it was sown, as "growing crops." There was evidence to the effect that plaintiff, at that time and before the levy was completed, informed the sheriff that this property was his. The defendant admits that he knew, before he sold the stacks, that they were claimed by somebody else. In view of this evidence and the character of the property, we do not think that the court would have any right to assume, as a matter of fact, that the property was in possession of Gieseke at the time of the levy. The charge of the court is not contained in the "case." Hence it must be presumed that the court fully and correctly charged the jury upon the law applicable to the case, to the effect that if the property was, at the time of its seizure by the defendant, in the possession of Gieseke, under such circumstances as to create a presumption *prima facie* of ownership in him, the plaintiff could not maintain this action without first serving upon defendant an affidavit of his claim to the property, according to the statute. And as every presumption is in favor of the verdict, it must be presumed that the jury found from the evidence that the property was not in the possession of Gieseke, and hence notice to the sheriff was not necessary; and having so found, we are of opinion that the evidence was sufficient to justify the verdict.

Order affirmed.