### J. S. BISHOP *vs.* D. C. CORBITT.

### March 5, 1889.

**Usury—Payment.**—Evidence considered, and *held* sufficient to support the findings of fact of the trial court.

Action in the district court for Mower county to enjoin the foreclosure of a mortgage and compel a satisfaction of record, because of usury and also full payment of the actual debt. Plaintiff appeals from an order of *Farmer,* J., refusing a new trial after a decision for defendant.

*Joseph McKnight* and *N. Kingsley,* for appellant.

*French & Wright,* for respondent.

VANDERBURGH, J.   It is sought by this appeal to reverse the decision of the trial court upon questions of fact.   Two questions only are presented by the assignments of error.   The first is whether the mortgage which the plaintiff seeks to have cancelled is void for usury, and the second, whether it had not been fully paid.   There is a direct conflict in the evidence upon these questions, which appears to have been fully and carefully considered by the trial court.   It is not the province of this court to retry the issues of fact.   The plaintiff held the affirmative, and the burden rested on him to make out his case by a preponderance of evidence.   Upon the issue of payment the evidence cannot be said to preponderate in plaintiff's favor. And upon that of usury there is clearly sufficient evidence to support the finding of the court, and the evidence certainly does not so strongly (if at all) preponderate against it as to enable this court to say that there was any legal error or abuse of discretion in the decision of that court in denying a new trial.   The mortgage was executed nearly 10 years ago, and the parties had previously had numerous business transactions.   In his testimony the plaintiff gives a statement of the items which went to make up the amount secured by the mortgage, which includes $100 bonus charged by the defendant in addition to 12 per cent. interest on the sum named.   On the other hand, the defendant's statement includes no such item, the allowance of which he denies, but contains an account of several other distinct sums advanced to plaintiff, or due from him to defendant, showing a full and valid consideration for the note secured by the mortgage.   There is no ground for disturbing the finding of the court upon the evidence.   The point has been so often ruled in this court in following the decision in *Egan* v. *Faendel,* 19 Minn. 191, (231,) and *Ohlson* v. *Manderfeld,* 28 Minn. 390, (10 N. W. Rep. 418,) as to need no further discussion here.

Order affirmed.