RODNEY MORRISSEY v. GUARANTY SAVINGS & LOAN ASSOCIATION.[1]

November 26, 1900.

Nos. 12,327—(122).

**Sale of Stock.**
    Certain rulings of the trial court *held* not reversible error.

**Verdict Sustained by Evidence.**
    Evidence examined, and *held* to sustain the verdict.

Appeal by defendant from an order of the district court for Hennepin county, Elliott, J., denying a motion for a new trial. Affirmed.

*C. H. Childs* and *James D. Shearer*, for appellant.
*Frank M. Nye* and *Nye & Deutsch*, for respondent.

BROWN, J.

This action is one to recover the sum of $1,300, alleged to have been paid to an agent of defendant on the purchase of thirteen shares of fully-paid stock in defendant corporation, which stock was never issued or delivered to plaintiff. Plaintiff had a verdict, and defendant appeals from an order denying a new trial. A former trial of the action resulted in a similar verdict, which was set

[1] Reported in 84 N. W. 219.

aside by the trial court on the ground that it was not justified by the evidence.

The defense to the action presented three main questions to the court below: (1) Whether the alleged contract for the sale of the stock was in fact made and entered into; (2) whether the agent had authority to make the contract, conceding it to have been made; and (3) whether such agent had authority to collect or receive payment for fully-paid stock. It was admitted that the agent had authority to sell for the corporation instalment stock, but it is denied that he had authority to sell or collect for fully-paid stock. The questions were all determined in plaintiff's favor by the jury, and the principal contention of appellant in this court is that the verdict is not sustained by the evidence, and should be set aside.

The assignments of error covering rulings made on the trial and certain objections to the charge to the jury present no important or serious question of law and no reversible error. The testimony referred to in assignments one to four had a pertinent and proper bearing on the issues, and was properly received. But, even if not strictly proper, the admission of the evidence was certainly not prejudicial to defendant. The charge to the jury fully covered the questions involved in the case, and there was no error in refusing defendant's requests.

The question which has demanded our most serious attention is whether the verdict is sustained by the evidence. We have given the record a very careful and painstaking examination, and can find no sufficient reason for disturbing the verdict. The rule by which we are always guided when passing upon the question whether a verdict approved by the trial judge is sustained by the evidence is that the evidence must be clearly and palpably against the verdict to warrant interference by this court. It does not matter whether the approval of the trial judge is with reluctance, or given promptly and without hesitation; the rule remains the same. If the evidence reasonably and fairly tends to support the verdict, it must be sustained. In this case the plaintiff gave direct and positive testimony of all matters essential to his right of recovery, and, while his story may be somewhat incredible, the question whether he told the truth was for the jury to determine. We cannot set aside the verdict

without stamping his testimony as wholly false and unreliable, which we cannot do without usurping the right of the jury to weigh the evidence. Had the trial court granted defendant's motion, it would undoubtedly have been sustained, even though this was the second recovery for plaintiff.

The order appealed from must be affirmed.