# ROSE MARONEY v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

November 28, 1913.

Nos. 18,513—(128).

**Denial of new trial — reversal on appeal.**

1. This court should not reverse the action of the trial court and grant a new trial on the ground that the verdict is not supported by the evidence, or that the damages are excessive, unless the evidence is so manifestly and palpably against the verdict that the trial court violated a clear legal right of defendant and abused its discretion in refusing to grant a new trial.

**Injury to passenger — evidence — verdict.**

2. Plaintiff was a passenger on defendant's train; the train was derailed. She testified that she was unconscious of any ailment before the accident, that afterwards she suffered pain and was partly incapacitated. It appears that she has an internal ailment which could not be wholly caused by the accident. There was opinion evidence tending to show that a weakened condition which had shown no symptoms, and of which she was not conscious, was aggravated by the accident to such an extent as to develop the disability and the painful symptoms she described. If such is the case, she may recover. The evidence is sufficient to sustain a verdict for plaintiff on this theory.

**Measure of damages — surgical operation.**

3. The cost of a major internal surgical operation, though, in the opinion of surgeons, it will restore her physically, has no tendency to measure plaintiff's damages for injury to her person.

Action in the district court for Ramsey county to recover $10,000 for injury received while a passenger upon defendant's train. The answer admitted that plaintiff was a passenger on one of defendant's trains and that, at a point near the station known as Jordan, the car in which plaintiff was riding was derailed. The case was tried before Dickson, J., and a jury which returned a verdict of $1,900 in favor of plaintiff. From an order denying defendant's motion for

[1] Reported in 144 N. W. 149.

judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*W. H. Bremner* and *F. M. Miner,* for appellant.

*Samuel A. Anderson* and *A. F. Storey,* for respondent.

HALLAM, J.

1. Plaintiff was a passenger upon one of defendant's trains at the time of a derailment. She claims to have suffered injury. Defendant claims she did not. The jury found for plaintiff, and assessed her damages at $1,900. Defendant contends that the verdict is not supported by the evidence, and, further, that the damages are excessive. The trial court considered these questions on a motion for judgment or for a new trial, and sustained the verdict.

This court should not reverse the action of the trial court and grant a new trial upon either of the grounds mentioned, unless the evidence is so manifestly and palpably against the verdict that the trial court violated a clear legal right of defendant and abused its judicial discretion in refusing to grant a new trial. Ohlson v. Manderfeld, 28 Minn. 390, 10 N. W. 418; Karsen v. Milwaukee & St. P. Ry. Co. 29 Minn. 12, 11 N. W. 122; Blakeman v. Blakeman, 31 Minn. 396, 18 N. W. 103; Koch v. St. Paul City Ry. Co. 45 Minn. 407, 48 N. W. 191; Morrissey v. Guaranty Savings & Loan Assn. 81 Minn. 426, 84 N. W. 219; McKnight v. Minneapolis, St. P. & S. S. M. Ry. Co. 96 Minn. 480, 105 N. W. 673; Hegna v. Modern Brotherhood of America, 118 Minn. 368, 136 N. W. 1035.

We have gone over the record with a great deal of care, and, we have, with some hesitation, reached the conclusion that we should not disturb the verdict. The case rests wholly upon the testimony of plaintiff and her physician. In fact it rests largely upon her own testimony as to matters upon which, in the nature of things, defendant could hope to secure but little proof. This fact should subject her case to the closest scrutiny, yet it cannot be held a ground for denying to her any relief or of depriving her of the right to have the facts in her case passed upon by a jury.

2. We do not deem it necessary to review the evidence in detail.

123 M.—31.

The train was apparently traveling as passenger trains travel, and stopped very suddenly, and plaintiff claims to have been thrown from her seat to the floor. The liability of defendant is admitted. The only question is as to plaintiff's injuries. Plaintiff testified that she was not conscious of any ailment before the accident, was able to do a woman's work, and suffered no pain or inconvenience of any sort. ( She is now unquestionably suffering from an ailment peculiar only to women. ) She testified that she at times suffers pain and is partially incapacitated for labor. Her physician gave it as his opinion that her trouble is "probably inclined to be very chronic, staying about this way all the time" unless an internal operation is performed to relieve her; that such an operation is a major operation not considered by the surgical profession as dangerous when it is done with experienced hands, but still not a slight one. The evidence is clear that, if plaintiff's organs were in perfect health before the accident, the injury she received could not have caused her present condition. But we think the evidence is such that the jury might find that a weakened condition, which had shown no symptoms of which plaintiff was conscious, was aggravated by the accident to such an extent as to develop the disability and the painful symptoms she described. In such case she may recover for the consequences to her, although those consequences were more serious than they would have been to a person in perfect health. Purcell v. St. Paul City Ry. Co. 48 Minn. 134, 50 N. W. 1034, 16 L.R.A. 203; Ross v. Great Northern Ry. Co. 101 Minn. 122, 111 N. W. 451.

The damages are large, but if the testimony of plaintiff and her physician is to be believed, the damages are not so excessive as to require our disturbing the verdict or the amount of it. The credibility of this testimony was for the jury to determine.

3. It is contended that plaintiff could be made whole by an operation, which would cost about $200, and defendant urges that "there is nothing upon the record which justified the jury in fixing this damage at the sum of $1,900—a sum nine and one-half times sufficient to enable the plaintiff to be fully restored." We do not think that the evidence of the cost of a surgical operation had any tendency to measure plaintiff's damage. Whether plaintiff should sub-

mit to a major surgical operation for an internal malady·is a ques-
tion for her alone to determine. Such operations involve a known
risk, which she alone must bear. Defendant is in no position to
complain that plaintiff has seen fit to suffer from her ailment rather
than to submit to such an operation. Neither can the court or jury
pass upon the wisdom of her choice. The chances of the operating
table, in such a case, are too grave, to require of plaintiff that she
take this course to lessen her damage, or to permit any consideration
of such a prospect as a means of determining what damage she has
sustained. McNamara v. Metropolitan St. Ry. Co. 133 Mo. App.
645, 652, 114 S. W. 50; Birmingham Ry. Lt. & Power Co. v. An-
derson, 163 Ala. 72, 50 South. 1021; Blate v. Third Ave. R. Co.
44 App. Div. 163, 60 N. Y. Supp. 732; 1 Sutherland, Damages,.
§ 90; Watson, Damages, § 186.

Order affirmed.