NELLIE BENOE v. DULUTH STREET RAILWAY COMPANY.[1]

October 19, 1917.

No. 20,482.

**Street railway — negligence of company question for jury.**

1. The question of the negligence of the defendant was one for the jury under the evidence.

**Same — damages claimed too remote.**

2. This being an action to recover damages for injuries to the person of plaintiff, caused by the alleged negligence of the defendant, *held*, that the expense of a trip to California, under the evidence in this case, cannot be considered such damages as are the natural and proximate consequences of the wrongful act, and is too remote.

Action in the district court for St. Louis county to recover $2,800 for injuries sustained while alighting from defendant's street car. The answer alleged the accident was caused by plaintiff's own carelessness.

[1] Reported in 164 N. W. 662.

The case was tried before Fesler, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Thomas S. Wood* and *G. A. E. Finlayson,* for appellant.
*John Jenswold* and *John D. Jenswold,* for respondent.

QUINN, J.

This action is one to recover damages for injuries to the person of the plaintiff, caused, as she alleges, by the negligence of the defendant, its agents and servants, in the management and operation of one of its street cars on which plaintiff was a passenger. The alleged negligent act is that of causing or allowing the car to lurch back as plaintiff was in the act of getting off, thereby jerking and causing her to fall and injure her person. The plaintiff had a verdict, and defendant appealed from an order denying its motions for judgment notwithstanding the verdict or for a new trial.

Several questions are raised in this court, but only two of them will be considered, as we conclude that a new trial must be granted. We are of the opinion that, when considered all together, the testimony bearing upon the question of negligence was for the jury. Plaintiff was on her way home from her day's work, riding on a car provided with a door separating the body of the car from the vestibule platform. There were two steps down from the platform and two gates; also a handrail at the end of the car extending down on a line parallel with the steps. The car was traveling in a northeasterly direction on an up-grade. The plaintiff testified that, as the car was approaching Third street, she signaled it to stop, but before it stopped she left her seat and went to the rear door when the car came to a full stop; that after the car stopped she crossed the platform and started down the steps, with her left hand on the handrail for the purpose of steadying herself, and her purse and newspaper in her right hand; that she was about to go down through the gate nearest the body of the car, and that, while her left foot was on the upper step and she was in the act of stepping with her right foot down on to the lower step, the car jerked back with such suddenness that it threw her past

the last step with her right foot on the ground. That she had hold of the rail and did not fall, but that it seemed as though her spinal column went through her head. That she tried to walk—in the first place she seemed to be blinded; then she tried to walk and after making two or three steps she could not walk any more, she had lost the use of her feet. That some lady then came to her assistance and assisted her until a gentleman came, who carried her to her room, and that about that time she lost consciousness. She further testified that there was no warning given or notice of any kind that the car was about to move backward; that it was standing still at the time she undertook to descend the steps, and that she was unable to say how far it lurched back, but it just seemed as if it were a partial revolution of a wheel, perhaps a foot back. There was other testimony to the effect that there was considerable of an up-grade in the track at the place in question, and that it had frequently happened that, where the motorman, without applying the current, would release the brakes while the car was standing on an up-grade, it would lurch back to some extent. We think the question as to negligence may be one for the jury.

The appellant's eighth assignment of error goes to the item of $650, expenses which plaintiff incurred on a trip to California in February, 1916. There is testimony tending to show that as a result of the accident complained of the plaintiff sustained an injury to her ankle; that she suffered a nervous condition attributable to the shock, a sprain of the neck and also some indication of a concussion of the spine. The injury occurred on August 4, 1915. She was attended by a trained nurse for four weeks and by Dr. Chapman for a number of months. At one time the doctor advised her that it was his opinion that "California for a time would be very good for her and an excellent way of rest to an otherwise too active nervous system." On February 21, plaintiff left for California and returned May 10, 1916. While there she took osteopathic treatments during the first month, and upon her return was much improved both mentally and physically. She testified at the trial that she could not say positively what the cost of the trip was, but that it was somewhere in the neighborhood of $650. In its charge the court said to the jury:

"You should also allow her for the expenses that have resulted to her

from the injury which she there sustained, including the doctor's bill and the nurse's bill, and if in your judgment the trip she took to California was a curative agency which was necessitated or made a reasonable thing for her to do in order to recover from the injury which she there sustained, that would also be a proper subject for you to take into consideration in determining the amount of damages."

We are of the opinion that, under the testimony in this case, the submission of this item was error for which a new trial should be granted. The expense of the treatments which plaintiff took, if singled out from the general expense of the trip, would be proper for the jury to consider, but the general expense of a trip such as the plaintiff took cannot be considered, under the showing, such damages as are the natural and proximate consequences of the wrongful act complained of, the same being too remote.

The order is reversed and a new trial granted.

HOLT, J. (dissenting)

I do not think the instruction complained of should entitle defendant to a new trial. Without objection plaintiff testified to the expenses of the California trip. This included treatment for her injuries there. She also testified that the trip was taken upon the advice of her doctor as a means to recover from the effects of the injury. She is corroborated by the physician. Under this situation it seems to me there was nothing prejudicial in the charge.