# PETER VAN HOUSE v. CANADIAN NORTHERN RAILWAY COMPANY AND OTHERS.[1]

February 23, 1923.

No. 23,239.

**Charge as to husband's expense incurred because of injury to wife, not prejudicial.**

1. Evidence of the necessary and reasonable expenses incurred by a husband in taking his wife to a physician for examination and medical advice was received without objection. In instructing the jury the court referred to it as an item of expense incurred by the husband who brought an action to recover damages for loss of his wife's services and expenses occasioned by her personal injuries due to defendants' negligence. *Held* there was no prejudicial error in the instruction.

**Husband may recover value of his services in nursing his wife.**

2. A husband may recover the reasonable value of his own services in nursing his wife. There was sufficient proof of their value to entitle him to a recovery.

**Damages not excessive.**

3. The damages awarded are not excessive.

Action in the district court for Beltrami county to recover $3,000 for the loss of services and companionship of plaintiff's wife and for expenses incurred by attendance upon her. The case was tried before Wright, J., who when plaintiff rested denied the motion of Canadian Northern Railway Company to dismiss the action, and at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict for $2,000. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, Canadian Northern Railway Company and Canadian National Railways appealed. Affirmed.

*Hector Baxter, George E. Ericson* and *W. E. Rowe,* for appellants.
*Middleton & Middleton,* for respondents.

[1]Reported in 192 N. W. 496.

LEES, C.

Action for damages for loss of services and expenses occasioned by bodily injuries to plaintiff's wife, due to defendants' negligence. Plaintiff had a verdict and defendants appealed from an order denying their motion in the alternative for judgment or a new trial.

Plaintiff is the husband of Phebe Van House. She was plaintiff in an action against these defendants to recover damages for personal injuries. Defendants' appeal in that action was heard at the same time as this appeal and the opinion therein is found on page 59, supra. Our disposition of the wife's case determines all the questions in this case except that of damages. The jury awarded plaintiff $2,000. Defendants contend that the verdict is so excessive as to indicate passion and prejudice. The court charged that, if the verdict was in plaintiff's favor, the measure of damages was compensation for the loss of the services and companionship of his wife and, in addition, the reasonable expenses he had incurred on account of her injuries. As to the last item of damage, this was said:

"So far as the expenses are concerned, I think you will remember the testimony. They are the medical expenses  *  *  *  the bills that he paid to the doctors and for some medicine, then the trip to Warren and the expenses there at the hospital, then for hired girls, for a nurse, and for his own services as nurse."

The propriety of this statement is challenged on two grounds: The first, that the trip to Warren was made, not to obtain medical treatment for the wife, but to secure evidence for use at the trial, and hence the expense was not a proper item for consideration by the jury; and the second that, if plaintiff could recover at all for his services in nursing his wife, he could recover only the reasonable value of such services and that there had been no proof thereof.

As to the first point, there is nothing in the record to suggest that the Warren trip was made solely to get evidence. The evidence warrants the inference that it was made to consult Dr. Bratrud and get the benefit of his advice after he had examined Mrs. Van House. There was no objection to proof of the expense of the trip. The able counsel for defendants would hardly have failed to object if they thought the evidence was inadmissible or that it showed that

the trip was taken merely to get evidence. The facts are unlike those in Benoe v. Duluth St. Ry. Co. 138 Minn. 155, 164 N. W. 662.

As to the second point, we are of the opinion that a husband should be allowed to recover the reasonable value of his own services in attendance upon his wife made necessary by reason of her injuries. He owes her the duty of care and nursing. If he devotes his own time and services to the discharge of the duty, he should be allowed as much as he would have had to expend in hiring reasonably competent attendance and nursing by others. Numerous courts have adopted this doctrine. The cases may be found in a note to Wells v. Minneapolis B. & A. Assn. Ann. Cas. 1914D, p. 928. In the Wells case this court held that one injured by reason of the negligence of another may recover as special damages the reasonable value of necessary nursing at the hands of a member of the family, although there was no expectation of payment for the services. Wells v. Minneapolis B. & A. Assn. 122 Minn. 327, 142 N. W. 706, 46 L. R. A. (N. S.) 606, Ann. Cas. 1914D, 922. It has also been held that a husband who brings suit to recover damages for personal injuries to himself is entitled to recover the value of his wife's services in nursing him. Crouse v. Chicago & N. W. Ry. Co. 102 Wis. 196, 78 N. W. 446, 778; Chicago Transit Co. v. Moore, 259 Fed. 490, 506, 170 C. C. A. 466. We see no reason why the same rule should not be applied where the wife is injured and the husband acts as her nurse. There was sufficient proof of the reasonable value of plaintiff's services. He knew what nurses were paid because he had employed a nurse for about three weeks and paid her for her services. He testified that the reasonable value of his own services in nursing his wife was $50 or $60 a month.

Defendants urge that the verdict is manifestly excessive in view of the fact that the wife who sustained the injury and suffered the pain was awarded only $3,000. There was a much greater disproportion in the verdicts in McNab v. Wallin, 133 Minn. 370, 158 N. W. 623, where the wife recovered $500 and the verdict for the husband was $1,750, reduced on appeal to $1,000. Plaintiff testified to expenditures aggregating a trifle over $350. There was evidence that his wife's injuries are permanent. The value of her services to

him has been impaired and there has been an addition to the burden of caring for her which the law imposes upon him. We hold that the verdict is not so excessive as to justify this court in granting a new trial or in reducing the amount awarded as a condition of a denial of a new trial.

Affirmed.