## ELIZABETH AND ELIZABETH FLORENTINE TEGELS v. JOSEPH TEGELS.[1]

April 19, 1929.

Nos. 27,066, 27,067.

[1]Reported in 225 N. W. 85.

*Bauers, Carlson & Beveridge, Edward P. Kelly* and *Percy M. Meehl,* for appellant.

*James H. Hall* and *B. B. Gislason,* for respondents.

STONE, J.

Two cases for personal injuries consolidated for trial. Plaintiff Elizabeth Tegels is the mother and plaintiff Elizabeth Florentine Tegels the sister of defendant Joseph Tegels. The former had a verdict for $6,000 and the latter one for $100. Defendant appeals from the orders denying his motion in each case for judgment notwithstanding the verdict or a new trial. The assignments of error question the sufficiency of the evidence to sustain a verdict for either plaintiff and make an issue of the amount of the verdict for Elizabeth Tegels.

One day in May, 1927, plaintiffs, together with another sister and brother and the father, six in all, in defendant's light sedan, driven by him, were traveling westwardly on trunk highway No. 7 in Redwood county. Where that road intersects at right angles with trunk highway No. 4, both are wide, well-graded and surfaced. A driver approaching on either highway from any direction has an unobstructed vision. The accident in question occurred on a bright

afternoon when both roads were smooth, hard and dry. There is not much question but that defendant drove westerly onto the intersection at from 35 to 40 miles an hour and struck a north-bound. Ford touring car with such violence as to carry both cars well across highway No. 4 and some distance to the north and west. The lone occupant of the Ford was killed instantly. Of the plaintiffs, the mother was injured severely and the sister slightly. The evidence is that defendant did not slacken speed as he approached or went onto the crossing, except just at the moment of impact he applied his brakes. Question is made as to the veracity of defendant's testimony that as to the circumstances of the collision his memory was a blank. He was rendered unconscious and remained so for a little time after the accident. For the purposes of our review, we may put defendant's testimony entirely aside.

■ There is ample evidence that defendant was negligent. The mere manner of the collision, under conditions of daylight and unobstructed view, is not only the initial but also a persuasive part of it. That defendant drove into the other car rather than the other into him is indicated by testimony and photographs of defendant's machine taken immediately after the accident. The latter show that the front of the car bore the brunt of the impact. The circumstance that he was approaching the intersection from the right of the driver of the Ford and therefore had a qualified, statutory right of way (L. 1927, p. 563, c. 412, § 18, 1 Mason Minn. St. § 2720-18) by no means absolved defendant from the duty to approach the intersection with due care to avoid collision. Rosenau v. Peterson, 147. Minn. 95, 179 N. W. 647. As already observed, the mere manner of the accident is persuasive of defendant's negligence. The jury well might have concluded either that he did not take any precaution to note the approach of the other car or that if he did, he saw it coming and proceeded with reckless disregard of consequences. Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254. Compare Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145, reviewed in 13 Minn. L. Rev. 372.

■ There remains for consideration only the amount of the $6,000 verdict for Elizabeth Tegels. She was 70 years of age. Her most grievous injury was the loss of her left arm, amputated just below the upper third of the humerus. "From the middle part of the arm down it was all torn to shreds * * * both bones were broken about an inch above the wrist joint, extending clear to the upper part of the arm." So runs the testimony of the attending surgeon. She suffered also the fracture of her collar bone and two ribs, was in a hospital for weeks, incurring substantial charges for nursing, hospitalization and medical attendance. Notwithstanding her advanced years, we cannot say that in view of the dismemberment and the extent and consequences of her injuries otherwise the verdict for Elizabeth Tegels was excessive. Such cases as Johnson v. St. Paul City Ry. Co. 67 Minn. 260, 69 N. W. 900, 36 L. R. A. 586, must be read with an appreciation of the large decrease that has taken place in the purchasing power of money since they were decided. Even in pre-war days, this court observed that in Johnson v. St. Paul City Ry. Co. there was taken into consideration the then (1897) "very great" purchasing power of money but that, in 1913 "the reverse is true." It has become now so emphatically so that we cannot disturb the verdict. Peaslee v. Ry. Tr. Co. 120 Minn. 347, 352, 139 N. W. 613.

■ The brief for plaintiffs makes a statement of facts which in some particulars has been directly challenged by defendant. The argument makes repeated reference, sometimes by quotation, to the testimony of witnesses. Although much and frequent resort is had, properly and even necessarily, to the evidence, the brief for respondents contains but one specific indication, by number of folio or page, of the evidence upon which statement or argument is based. Paragraph 3 of rule VIII provides that "all references to evidence shall distinctly point to the folio and page of the settled case or printed record where the same may be found." For failure of their brief to comply with that rule, statutory costs will be denied respondents.

The orders appealed from must be affirmed, but statutory costs will not be taxed.

So ordered.