## A. W. OLSON v. DAVID NAYMARK AND OTHERS.[1]

May 3, 1929.

No. 27,295.

McCabe & Clure, for appellants.
Toivonen & Harri, for respondent.

DIBELL, J.

Action against David Naymark, Sam Singer, and others alleged to be copartners, to recover damages for the breach of a contract under which the plaintiff was employed by the defendants for 1928 and was to receive commissions on completed sales made by the sales organization which he was to establish and supervise. It was shown that Naymark was not a copartner, and a verdict was directed in his favor. The jury found a verdict of $2,000 against the other defendants, which was conditionally reduced to $1,400 and

[1]Reported in 225 N. W. 275.

the reduction accepted by the plaintiff. They appeal from the judgment entered on the verdict as reduced.

The defendants were doing business at Duluth in the sale of woolen goods. They sold in Minnesota and other states. The sales were directly to consumers through a sales organization. The plaintiff worked for them in 1926 and 1927 and organized and supervised the sales organization. He had the title of field superintendent. In September, 1927, a written contract for 1928 was executed. In May, 1928, it was breached by the defendants. Their claim is that the damages are so speculative and conjectural that there can be no recovery. They rely upon cases having to do with damages resulting from the interference with a going business, such as Goebel v. Hough, 26 Minn. 252, 2 N. W. 847, where the evidence was held insufficient to justify an award for lost profits; Emerson v. Pacific C. & N. P. Co. 96 Minn. 1, 104 N. W. 573, 1 L.R.A. (N.S.) 445, 113 A. S. R. 603, 6 Ann. Cas. 973, where the right of recovery of profits was considered at length and the facts held to justify an award; and Miller v. Reiter, 155 Minn. 110, 192 N. W. 740, where the doctrine was stated and a right of recovery sustained by the damages awarded held so uncertain that a new trial as to the amount was directed. There are many intervening cases which illustrate the trend of the rule. They are cited and discussed by counsel in their briefs and have had our attention.

There is an analogy between such cases and the case at bar though the plaintiff's recovery is based upon sales and not upon profits. The amount of sales can be ascertained with greater certainty than net profits. All agree that in any case conjectural or speculative damages cannot be recovered. The award by a jury is not discretionary. The evidence must give a basis for a reasonable determination of amount. Along the line from speculation to certainty there is a point not found by mathematical demonstration where it can be said that a jury or other fact-finding tribunal can give a safe judgment of the amount of damages flowing from a breach. The law does not permit a recovery of damages which are merely speculative and it does not require proof to an absolute certainty... When

a breach is committed it is inclined to accept the challenge of the wrongdoer that damages cannot be ascertained; and within reasonable limits it will make an effort to ascertain them through the jury or other tribunal-trying facts. For that purpose there are courts and juries.

This case was tried carefully and fairly; it was submitted without an objection to the court's charge; and the court supervised the verdict to the extent of the reduction made. A consideration of the evidence leads to the conclusion that the verdict should not be disturbed by us. The business done in 1926 and 1927 and plaintiff's earnings on commission on contracts in some respects similar though differing in their items of expense and commissions were before the jury. In them it had a basis for finding the damages sustained through defendants' breach. The 1928 business upon the sales in which the plaintiff was to get his commissions was expected by the defendants to be much larger than in 1926 or 1927. They anticipated a business of $250,000 or $300,000, which was greatly in excess of prior years. They had more lines of goods to sell, a larger territory, and more salesmen. Ninety men were in the field. The defendants felt no uncertainty. They expected business which would give the plaintiff much more than he had received in prior years. The case was tried in September, 1928. The results of the work done would be realized in that and the following months of the year which were the months of active shipments. The plaintiff was wrongfully prevented from perfecting and supervising his organization to bring results, and if he could prove this was entitled to the damages resulting from the defendants' breach. The actual sales made did not control.

A case such as this should have the careful consideration of the court and jury, and the court should exercise supervision of the jury's work. These requirements were met, and we cannot think that the defendants have serious cause of complaint.

Judgment affirmed.