## FLETCHER B. GIBBS v. CLARENCE ALMSTROM.[1]

### January 30, 1920.

### No. 21,464.

**Automobiles at street intersection — negligence — contributory negligence.**

1. The evidence sustains a verdict that plaintiff, injured in an automobile collision, was injured by the negligence of defendant, and that plaintiff was free from contributory negligence.

[1]Reported in 176 N. W. 173.

**Damages not excessive — surgical operation.**

2. The damages are not excessive. Plaintiff was not obliged to submit to an operation in order to reduce his damages.

**Workmen's Compensation Act — accident not arising from employment.**

3. Defendant was an employer and was under the Compensation Act and was engaged in the conduct of his business. Plaintiff and his employer were likewise under the Compensation Act. Plaintiff was driving an automobile belonging to his employer. The automobile had been assigned to another employee of the same employer, but one doing business in other territory, and was being taken by plaintiff from a railroad station at the request of this fellow employee and solely as an accommodation to him. The evidence sustains a finding that the accident did not arise in the course of plaintiff's employment and that the case is not within the third party provision of the Compensation Act.

Action in the district court for Hennepin county to recover $10,300 for personal injuries. The answer alleged that plaintiff, his employer the United States Gypsum Company, and defendant, prior to the accident, had elected to come under and were bound by the Workmen's Compensation Act and thereby had surrendered all right to compensation other than as provided by part 2 of that act. The case was tried before Leary, J., who when plaintiff rested denied defendant's motion to dismiss the action and his motion for a directed verdict, and a jury which returned a verdict for $2,600. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, or for an order either denying or awarding compensation under the Workmen's Compensation Act, defendant appealed. Affirmed.

*Denegre, McDermott & Stearns,* for appellant.

*S. R. Child* and *Sherman Child,* for respondent.

HALLAM, J.

On June 21, 1918, plaintiff, while driving an automobile on Harmon Place in Minneapolis, came into collision with an automobile driven by defendant, on Twelfth street, at its intersection with Harmon Place. Plaintiff was injured. The jury gave him a verdict for damages. Defendant appeals.

1. The evidence is in conflict, but it sustains a verdict that defendant was negligent. Defendant was approaching plaintiff from his left. Plain-

tiff therefore had the right of way. Laws 1917, pp. 164, 165, c. 119, § 22. Plaintiff's testimony is that, when his front wheels were just beyond the sidewalk line, he saw defendant, his front wheel just about crossing the sidewalk line; in other words, that plaintiff was nearer the point of intersection than defendant. Defendant concedes that when he reached the center of the street, plaintiff was but 10 or 15 feet to his right. Marks on the cars, showing that the front of defendant's car struck the rear left wheel of plaintiff's car, tend to corroborate plaintiff's evidence that he was first at the point of intersection. Plaintiff testified that defendant did not slacken his speed, and from the fact that plaintiff's car "rolled over a couple of times" the jury might infer that defendant's car struck it with force.

Nor do we think the case depends on the question of who struck the sidewalk line first. The statute does not warrant drivers of vehicles in taking close chances. When a driver approaches a street intersection, if he sees a vehicle approaching from his right, and near enough so that there is reasonable danger of collision if both proceed, then it is his duty to yield the right of way.

The question of plaintiff's negligence was a jury question. Plaintiff testified that he was driving cautiously at about nine miles an hour. Witnesses for defendant placed his speed much higher. The determination of this fact was for the jury. We cannot say that plaintiff's testimony was not true.

2. The damages are not excessive. The verdict was for $2,600. Plaintiff was 27 years old. His actual expenses were about $300. He was disabled for six weeks, but lost no salary. Beside other painful lacerations and bruises, the bridge of his nose was broken, causing stoppage of the nasal passage, and causing disfigurement and a defect in speech. Defendant contends that this condition of the nose may be cured by an operation. This contention requires scant comment. We recognize the principle that a person injured is required to exercise reasonable precaution to keep down damages caused by the acts of the wrongdoer, but no man is required to risk his life upon the operating table for any such purpose. This proposition has been decisively settled in this state. Maroney v. Minneapolis & St. L. Ry. Co. 123 Minn. 480, 144 N. W. 149, 49 L.R.A.(N.S.) 756; Otos v. Great Northern Ry. Co. 128 Minn.

283, 150 N. W. 922; Peterson v. Branton, 137 Minn. 74, 77, 162 N. W. 895.

3. Defendant contends that plaintiff cannot maintain a common law action for damages, but that his claim is limited by the "third party" provision of the Compensation Act, G. S. 1913, § 8229. Defendant claimed to be an employer of labor, and subject to the Compensation Act, and that he was engaged in the conduct of his business when the accident occurred. The jury so found. Plaintiff was in the employ of the United States Gypsum Company. This company was under the Compensation Act. The court submitted to the jury the special question: "Did this accident arise out of or in the course of the employment of the plaintiff by the United States Gypsum Company?" The record before us does not show whether the jury answered that question, but defendant's counsel in their brief concede that it was answered "no."

If this answer stands the verdict must stand. We think the evidence sustains the jury's finding. The United States Gypsum Company was engaged in the sale of building material. Plaintiff was its city salesman in Minneapolis. He was in charge of the company's Minneapolis office. The employees there were a stenographer and himself. He worked on a salary. He received his instructions from the Chicago office of the company. In general his duties were to make quotations, accept orders and solicit business in Minneapolis and St. Paul. He traveled all about these cities. An automobile was assigned to him by the company. This car the company bought and maintained. Plaintiff kept it in a garage at his residence.

The car plaintiff was driving at the time of the accident was not the car assigned to him. It had been assigned to L. M. Herron, a country salesman for the same company, and was to be maintained by the company. Herron also lived in Minneapolis. He had no connection with the Minneapolis office. He traveled about the country. He too received his orders from the Chicago office. Herron had been advised that a car had been shipped to him for his use and was expected to arrive in Minneapolis. He expected to be out of the city when the car arrived, and had asked plaintiff as a personal favor to him to look after the car. Later he sent plaintiff the bill of lading and the key, and asked him to advance the freight, and take the car to plaintiff's garage, until he could call for

it. Plaintiff had taken the car from the freight house, bought gasolene, supplied some trifling parts and was complying with the request received from Herron when the accident happened. He expected Herron to reimburse him for the expenses incurred and Herron did so. Plaintiff had the use of a double room in a garage and he expected to let part of the space to Herron. Plaintiff had no instructions from the company as to this car. He was discharging no duty owed by him to the company. So far as appears, what he did was of no consequence or concern to the company. It was purely a favor to Herron. It was not in furtherance of the employer's business as in State v. District Court of St. Louis County, 129 Minn. 176, 151 N. W. 912. He was not working over time to save his master's property as in Munn v. Industrial Board, 274 Ill. 70, 113 N. E. 110. Herron was not authorized to call upon plaintiff to do this duty for the company, and there was no emergency which warranted him in so doing as in State v. District Court of Ramsey County, 138 Minn. 416, 165 N. W. 268, L.R.A. 1918F, 200. The question whether plaintiff was in the course of his employment was submitted without objection to the jury. The evidence sustains their verdict.

Order affirmed.