## DAVID PERSHA v. LOUIS ZABUKOVER.[1]

April 11, 1930.

No. 27,653.

*Rollo N. Chaffee,* for appellant.
*Theodore Hollister* and *Lathers & Hoag,* for respondent.

DIBELL, J.

Action to recover damages in the sum of $7,667 for the breach by the defendant of an agreement not to engage in a business similar to that of the plaintiff, except under certain conditions, for a limited period. The plaintiff appeals from the order denying his motion for a new trial.

On May 7, 1926, the plaintiff and the defendant entered into an agreement whereby the defendant, for a recited consideration of $4,500, sold to the plaintiff all his right and title in four meat markets in Duluth, a certificate for 30 shares of the capital stock of the City Market Company, and agreed that for a period of two years he, the defendant, would not directly or indirectly be interested in the same business in Duluth or work for anyone in such business in the city, except under conditions not necessary to be detailed; for it is agreed that the evidence was such that the jury might find that the defendant, in violation of the terms of the contract, became interested in the same kind of business as that of the

[1]Reported in 230 N. W. 268.

plaintiff. The trial court in directing a verdict for the defendant was of the view that the evidence would sustain a finding that the defendant had breached his contract. He was of the view that damages were not sufficiently proved.

We have expressed the view that when an actual wrong is done or a contract really breached we will help rather than hinder the ascertainment of damages. Olson v. Naymark, 177 Minn. 383, 225 N. W. 275. This case does not invoke the rule. The witnesses do not always express themselves clearly. And some of the evidence strikes us as not convincing if it had been well expressed. The plaintiff's claim is altogether exaggerated. We find evidence however that the defendant interfered with the plaintiff's sales to the Lincoln hotel in an amount perhaps not large but ascertainable and not nominal within the rule that a new trial will not be granted for the assessment of merely nominal damages, and possibly to a few others. There may be items of proper damages which escape us. It seems evident that the plaintiff chose to carry on a competition at cut-rate prices and suffered loss which cannot be attributed to the defendant. Unless the plaintiff can produce evidence of a more convincing character, his pursuit of his cause of action will be found wasteful though he succeed in getting to the jury. Anything like a large recovery is impossible. We do him no harm in suggesting that if he has nothing considerably more definite he is pursuing a doubtful right of recovery with no hope of more than a small award of damages.

Order reversed.