KATE AND NICHOLAS M. PITZEN v. WERNER C. PITZEN.[1]

October 10, 1930.

Nos. 28,046, 28,047.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellant.

*Tautges, Wilder & McDonald* and *McMeekin & Quinn,* for respondents.

[1]Reported in 232 N. W. 344.

Dibell, J.

Two actions, one by Kate Pitzen and the other by Nicholas M. Pitzen, both against Werner C. Pitzen. The action of Kate Pitzen is for damages for personal injuries sustained in an automobile collision while riding with her son. The plaintiff Nicholas M. Pitzen is the husband of Kate Pitzen and sues for damages consequent upon the injuries to his wife. There was a verdict of $1,800 for the plaintiff Kate Pitzen and of $1,200 for the plaintiff Nicholas M. Pitzen. The defendant moved in each case for judgment notwithstanding the verdict or a new trial. The motion for a new trial was granted in the action in which Nicholas M. Pitzen was plaintiff unless he consented to a reduction of the verdict to $800. He consented. There were separate orders denying the alternative motions, and the defendant appeals from each. The cases were tried together below and upon this appeal.

The facts are not much in dispute. There is some uncertainty and indefiniteness in them. Those we now narrate are either without dispute or such that the jury might have found them reasonably enough.

About half past five in the afternoon of December 27, 1928, the defendant and his wife and the plaintiff, who is his mother, were driving in a generally westerly direction along Ramsey street in St. Paul approaching its intersection with Pleasant avenue intending to drive southwesterly up Oakland avenue, which enters the intersection of Ramsey and Pleasant from the southwest.

One Dielehner driving a four-cylinder Chevrolet touring car was approaching the intersection going southwesterly on Pleasant avenue. The three streets are substantially on a level at the intersection. Oakland ascends as it goes to the southwest and gets the name of Oakland hill. The crossing is regarded as a somewhat dangerous or at the least a difficult one. Usually it is a busy corner. On the night in question it was not.

As Dielehner approached the intersection he had the technical though perhaps qualified right of way. Both drivers should have been on the lookout. Dielehner was driving six, eight, or ten miles

per hour. The defendant was driving 15 or 20 miles per hour and did not slacken at the crossing. The street was slippery. The collision occurred at about the center of the intersection. The cars were moving about parallel and in the same direction. The defendant was having trouble with his motor, so some of the evidence tends to show, and bent over to his right to use his choke, necessitating the taking of his right hand from his wheel, and the crash came. He saw Dielehner's car, if at all, just at the moment of the crash. Dielehner's attention was attracted to an auto coming down Oakland hill ahead of which he wished to pass and did pass, and then made haste to go up Oakland. He did not see Dr. Pitzen's auto prior to the collision. His attention was diverted to his right. The left side of his auto came into collision with the right side of that of Dr. Pitzen.

It might be concluded that Dielehner was looking to the west at the car coming down the hill, bent on passing ahead of it, and that Dr. Pitzen was concerned with motor trouble, and that the two cars, moving nearly parallel, when they came opposite glided into one another. Both drivers may have been negligent. If both were, or if the defendant alone was, he was liable to the plaintiff, his guest, if his negligence was a proximate cause of her injury. He owed a duty of care to his mother and might be found responsible though the negligence of another contributed. The case is not one of a mathematical proof of negligence of one or lack of negligence of the other; nor is cause and effect left a matter of conjecture.

The case was submitted to the jury upon a charge against which no error is assigned, and the evidence is sufficient to justify a finding of negligence and does not require a finding of contributory negligence. Gibbs v. Almstrom, 145 Minn. 35, 176 N. W. 173, 11 A. L. R. 227; Armstrong v. M. A. & C. R. Ry. Co. 153 Minn. 374, 191 N. W. 47; Tegels v. Tegels, 177 Minn. 222, 225 N. W. 85.

Mrs. Pitzen's verdict for $1,800 is claimed to be excessive. As a result of the injury she was in bed eight or nine weeks. She had cuts and bruises on her limbs, arm and shoulder, and her right side was bruised. Her right clavicle was fractured, and there will be a permanent deformity. Her right jaw was injured, and she

suffered a broken tooth. She has suffered pain. The verdict is not excessive. Lammers v. G. N. Ry. Co. 82 Minn. 120, 84 N. W. 728; Maroney v. M. & St. L. R. Co. 123 Minn. 480, 144 N. W. 149, 49 L.R.A. (N.S.) 756.

The verdict for the husband as reduced to $800 is claimed to be excessive. He was put to medical expenses of $225. There is no exact standard by which to measure damages for the loss of companionship of his wife and of her services. The injury occurred December 27, 1928, and the trial was on November 22, 1929, nearly a year later. She had not then fully recovered. The verdict is not excessive. Van House v. C. N. Ry. Co. 155 Minn. 65, 192 N. W. 496; McNab v. Wallin, 133 Minn. 370, 158 N. W. 623; 3 Dunnell, Minn. Dig. (2 ed.) § 4296.

Orders affirmed.