# HELEN I. AUSTIN v. LLOYD ROSECKE.[1]

November 20, 1953.

No. 36,048.

*Bang & Nierengarten,* for appellant.
*McMillan & Meany,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

This action is one for the recovery of maintenance and support payments ordered by the district court of Mower county under a

[1]Reported in 61 N. W. (2d) 240.

judgment entered in favor of plaintiff on April 25, 1947. The judgment provided for the payment by defendant of ten dollars per week to plaintiff for the care and support of the two minor children of the parties, payments to commence on April 25, 1947, and continue until the further order of the court. The divorce decree gave custody of the children to plaintiff. Both children resided with her until February 1951. At that time one of the daughters went to live with defendant where she remained until June 1952, when she returned to the home of plaintiff. The action was tried to a jury, and a verdict of $1,250 was rendered for plaintiff. Upon denial of defendant's alternative motion for judgment notwithstanding or a new trial, this appeal was taken.

Defendant assigns that the trial court erred (1) in denying his motion for judgment notwithstanding the verdict of the jury; (2) in denying his motion for a new trial, on the ground that the verdict rendered was not justified by the evidence and had no support therein; and (3) in refusing to grant a new trial on the ground of newly discovered evidence.

■ With respect to the first assignment of error, defendant argues that damages must be established by a fair proof and not be left to conjecture; that they cannot be speculative and be recovered; and that the evidence must give a basis for a reasonable determination of the amount due. He concludes that plaintiff did not, as a matter of law, establish her claim for any specific amount of damages. We cannot agree with this conclusion. It is true that the law does not permit recovery of damages which are merely conjectural or speculative. However, it does not require proof to an absolute certainty. Olson v. Naymark, 177 Minn. 383, 225 N. W. 275. No general test has been established for determining whether the evidence is too slight, conjectural, or remote to afford a basis for relief. These questions must be left largely to the judgment of the trial court. Frame v. Hohrman, 229 Minn. 468, 39 N. W. (2d) 881.

It will serve no useful purpose to attempt to review all of the conflicting testimony in the record regarding the exact amounts which plaintiff received from defendant during the times involved

since they were fact questions for the jury. It is sufficient to say that an examination of the record satisfies us that there were no errors in the matters before the trial court in connection with the order appealed from which would justify a reversal. It is our opinion from an examination of the record that the trial court did not err in denying defendant's motion for judgment notwithstanding the verdict. Such a motion will not be granted where there is a clear conflict in the evidence on material matters. A motion for judgment notwithstanding the verdict will be granted only when the evidence is conclusive against the verdict, which is not the situation here. Trovatten v. Hanson, 171 Minn. 130, 213 N. W. 536. A motion for such a judgment accepts the view of the evidence most favorable to the verdict and admits every inference reasonably to be drawn from such evidence as well as the credibility of the testimony for the adverse party. If the application of this rule in the light of the evidence as a whole discloses a reasonable basis for the verdict, the motion will be denied. Cofran v. Swanman, 225 Minn. 40, 29 N. W. (2d) 448; Kundiger v. Metropolitan L. Ins. Co. 218 Minn. 273, 15 N. W. (2d) 487; Kundiger v. Prudential Ins. Co. 219 Minn. 25, 17 N. W. (2d) 49; LaCombe v. Minneapolis St. Ry. Co. 236 Minn. 86, 51 N. W. (2d) 839; Sorlie v. Thomas, 235 Minn. 509, 51 N. W. (2d) 592; Eklund v. Kapetas, 216 Minn. 79, 11 N. W. (2d) 805; 3 Dunnell, Dig. & Supp. § 5082.

It appears from the record that the really important question in this case is the matter of defendant's exhibit A. This exhibit purports to be a receipt dated October 21, 1950, which reads as follows:

"Oct. 21 1950

"RECEIVED from Lloyd Rosecke
twenty and no - - - - - - - - - - - 100 Dollars
support for Darlene & Lavone Rosecke
Paid in full from Jan 1th 1947 to 16th, of
Sept 1950 $1930⁰⁰
"20.00
"At the rate of $10.00 per week

"Helen Austin"

There is considerable dispute in the record as to whether the words "Paid in full from Jan 1th 1947 to 16th, of Sept 1950 $1930⁰⁰" were inserted after plaintiff signed the receipt for the $20 or before. It is not necessary for us to attempt to review all the testimony in connection with this receipt. The jury heard both sides of the conflicting testimony, had a chance to observe the witnesses, and decided in favor of plaintiff.

■ We do not consider that the trial court erred in denying defendant's motion for a new trial on the ground that the verdict was not justified by the evidence and had no support therein. Where the trial court denies a motion for a new trial on the ground that the verdict is not justified by the evidence, the order will be reversed on appeal only if there is no evidence reasonably tending to sustain the verdict or if it is manifestly and palpably against the weight of the evidence. 5 Dunnell, Dig. & Supp. § 7157, and cases under note 19; Ohlson v. Manderfeld, 28 Minn. 390, 10 N. W. 418; Peterson v. Raymond Bros. Motor Transp. Inc. 202 Minn. 320, 278 N. W. 471; Morrissey v. Guaranty Sav. & Loan Assn. 81 Minn. 426, 84 N. W. 219.

It certainly cannot be said under the record here that there was no evidence reasonably tending to sustain the verdict of the jury or that the verdict was manifestly and palpably against the weight of the evidence. The question before this court on appeal in such a case is not whether a new trial might properly have been granted but whether the trial court violated a clear legal right of defendant or abused its judicial discretion in refusing to grant a new trial. 5 Dunnell, Dig. & Supp. § 7157; Karsen v. Milwaukee & St. P. Ry. Co. 29 Minn. 12, 11 N. W. 122; Maroney v. M. & St. L. R. Co. 123 Minn. 480, 144 N. W. 149, 49 L.R.A. (N.S.) 756. We can find nothing in the record here to convince us that any legal rights of defendant were violated or that the court abused its judicial discretion in refusing to grant a new trial.

■ It is our further opinion that the trial court did not err in denying defendant's motion for a new trial on the ground of newly discovered evidence. According to the affidavit of defendant's at-

torney in support of his motion, the newly discovered evidence was (a) a receipt dated November 20, 1950, signed by plaintiff and her present husband stating that they had received from defendant support for the children from January 1, 1947, to October 14, 1950, in the total sum of $1,970 and that such sum had been paid and also stating that on said date plaintiff and her present husband received the sum of twenty dollars constituting a part of the previous sum of $1,970; (b) a receipt dated March 27, 1951, signed by plaintiff and her present husband stating that twenty dollars had been received from defendant as maintenance and support for the children covering a period of four weeks at five dollars a week at a time when one of the daughters was living with defendant; (c) a photostatic copy of a statement to support the claim of defendant for the year 1947 which was submitted to the local office of the director of internal revenue during the year 1948 and which statement was signed by plaintiff and set forth an admission that defendant had paid her the sum of $520 for maintenance and support of the two minor children during 1947 (the record shows that plaintiff testified that she did not receive any payments from defendant during 1947); and (d) a letter signed by George A. Aanstad, deputy collector of internal revenue for Austin, Mower county, addressed to Lloyd and Naomi Rosecke, wherein the deputy collector ordered defendant to bring verification of an item of $520 paid to plaintiff and shown on defendant's 1947 federal income tax return. Defendant contends that this newly discovered evidence was not merely cumulative, contradictory, and impeaching but was determinative when considered with the evidence received on the trial and was likely to change the result had a new trial been granted.

The matter of granting a new trial on the ground of newly discovered evidence is largely addressed to the discretion of the trial court. Having heard the case tried and having had the opportunity to observe the witnesses and hear their testimony, its means of judging the propriety of granting a new trial and as to whether the new evidence will be likely to change the result are superior to those afforded the appellate court by a mere statement of the evidence in

the record. Valencia v. Markham Co-op. Assn. 210 Minn. 221, 297 N. W. 736; 5 Dunnell, Dig. & Supp. § 7125. When newly discovered evidence is cumulative only, it is within the discretion of the trial court to determine whether the ends of justice require a new trial because of it. Manahan v. Jacobson, 226 Minn. 505, 33 N. W. (2d) 606. A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court. On appeal, we cannot be concerned with the question whether the trial court properly might have granted a new trial but are concerned with whether the refusal is a denial of a legal right or a manifest abuse of judicial discretion. Skog v. Pomush, 219 Minn. 322, 17 N. W. (2d) 641.

Plaintiff contends that the so-called newly discovered evidence, if it could be held to be such, was not ground for granting the motion because it could have been discovered before the trial by due diligence; that portions of it would not have been admissible in the event of a new trial because of its self-serving nature; and that the alleged newly discovered evidence is a duplicate of prior evidence.

It appears to us that all these matters were duly considered by the trial court at the time the motions were determined. We cannot say under the facts and circumstances here that there was such an abuse of discretion on the part of the trial court as to require a reversal of its order by this court.

Affirmed.

MR. JUSTICE NELSON took no part in the consideration or decision of this case.