Patricia G. ARONS, Appellant,

v.

ALLSTATE INSURANCE
COMPANY, Respondent.

No. C6–84–1114.

Court of Appeals of Minnesota.

March 5, 1985.

John H. Rheinberger, Rheinberger &
Rheinberger, Stillwater, for appellant.

Robert H. Tennant, Bell, Arcand & Florin, St. Paul, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and FORSBERG and RANDALL, JJ.

## SUMMARY OPINION

RANDALL, Judge.

Patricia Arons brought suit against her no-fault insurance carrier to recover income loss benefits. After a trial, the court entered judgment in favor of the insurer, and Arons appealed. We affirm.

## FACTS

Patricia Arons was injured in a car accident on December 14, 1981. She was covered by a no-fault policy issued by Allstate on two vehicles owned by her husband.

She claimed a gross income loss of $240 per week from the date of the accident to the date of the trial because, she alleged, she was unable to carry on any part of her occupation of dog grooming and dog breeding. Allstate contends, however, that Arons was able to resume her occupation after June 14, 1982, and further that the business was unprofitable before her injury and thus her injury resulted in no loss of income. The trial court found that appellant was unable to continue the grooming aspect of her business, but that her income loss was uncertain. Appellant's husband has continued to operate the breeding and selling aspects of the business, and appellant continues to be involved in a managerial capacity.

## DECISION

■ Before the accident, the grooming business had gross receipts of approximately $6,000 annually. Profit and loss statements and income tax records introduced at trial indicate net losses for the business as a whole. The profit and loss statements itemize receipts as being either from grooming or from dog sales; the expenses, however, are not itemized. The before tax net income of the grooming business cannot be ascertained with reasonable certainty, since the net income, or net loss, for the business each year was attributable to receipts and expenses for all aspects of the business. Appellant did not introduce any other evidence from which the income attributable solely to the grooming business could be ascertained, nor did she introduce evidence of the value of her labor or of the cost of securing replacement labor. A finder of fact may not base an award of damages on speculation or conjecture. *Ahrenholz v. Hennepin County*, 295 N.W.2d 645 (Minn.1980). Determining whether damages are speculative is a function of the trial court, *Austin v. Rosecke*, 240 Minn. 321, 61 N.W.2d 240 (1953), and we cannot say the trial court's decision was clearly erroneous.

Affirmed.