### PETER MARTIN *vs.* CORNELIUS C. COLLINS.

Middlesex.    January 15, 1896. — February 26, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*False Imprisonment — Error in Copy of Mittimus.*

The keeper of a workhouse is not liable in an action for false imprisonment of a
person for a period which exceeds the term for which he was sentenced in con-
sequence of an error in the copy of the mittimus, if the keeper had no reason to
think the copy erroneous, and there was no negligence on his part in failing to
ascertain the existence of the error.

TORT, for false imprisonment.   At the trial in the Superior
Court, before *Sheldon,* J., it appeared in evidence that the plain-
tiff was duly sentenced by the Police Court of Lowell for drunk-
enness, on September 9, 1893, to six months' imprisonment at
the workhouse in Lowell; that the court issued a precept or
mittimus upon the sentence in due form, and committed the
same for service to one Cawley, an officer authorized to serve
it, who by virtue thereof took the plaintiff to the workhouse
and left him there in execution of the sentence, and left with
the defendant what purported to be a copy of the mittimus, duly
attested by himself, with his return thereon; that in the origi-
nal mittimus the term of imprisonment was correctly stated to
be six months, and in the certified copy it was stated to be eight
months; and that otherwise the attested copy was in the same
words and figures as the original.   The Police Court of Lowell
had jurisdiction and authority to sentence the plaintiff for the
offence for eight as well as for six months.   The defendant was
the keeper of the workhouse.

There was evidence that, when Cawley delivered the plaintiff
at the office of the workhouse, he stated to a young man in the
defendant's presence that the plaintiff's sentence was for six
months, but there was no evidence that the defendant heard it.
There was also evidence that the plaintiff's clothes were put
away and checked with a tag bearing the words, " Sept. 9, '93,
Peter Martin, Prisoner, 6 months "; but there was no evidence
that the defendant knew this.   The defendant, honestly relying

upon the attested copy of the mittimus, kept the plaintiff imprisoned in the workhouse for two months after the real term of six months had expired, which was the tort complained of. The plaintiff had claimed his release at the end of the term of six months, and the defendant had refused it, saying that the plaintiff was sentenced to eight months' imprisonment, and showing the plaintiff the attested copy; after which neither the plaintiff nor the defendant made any further effort to ascertain whether this attested copy was a correct copy of the original mittimus, or whether the plaintiff's sentence was really for six or for eight months.

The defendant offered the attested copy in evidence as a justification, and the same was admitted, against the plaintiff's objection. The judge submitted the amount of the plaintiff's damages to the jury, who assessed the same in the sum of one hundred and twenty-nine dollars.

Thereupon the judge ordered a verdict for the defendant; and at the request of the plaintiff, and with the consent of both parties, reported the case for the determination of this court. If the direction was wrong, the verdict for the defendant was to be set aside, and judgment was to be entered for the plaintiff for one hundred and twenty-nine dollars; otherwise, judgment was to be entered for the defendant.

*B. D. O'Connell*, for the plaintiff.

*F. W. Qua*, for the defendant.

ALLEN, J. By Pub. Sts. c. 215, § 28, it was made the official duty of the officer who served the mittimus to leave with the keeper of the prison an attested copy thereof with his return thereon, and this is a sufficient warrant to the keeper for the detention of the party committed. The copy takes the place of a precept addressed to the keeper. It is contended for the plaintiff that the above section of the statute contemplates that a correct copy shall be left. But the keeper may and must assume the attested copy to be correct, unless there is something to show the contrary. An inaccurate copy may be voidable, but if properly attested it will warrant the keeper in detaining the person committed, at least until he knows or has reason to believe that there is an error. In the present case, the plaintiff should have taken steps to have the mistake corrected, or at any

rate should have informed the defendant that there was a mistake. But he did neither. The defendant had no reason to think the copy erroneous; and there was no negligence on his part in failing to ascertain the existence of the error. Without going further than the facts of the present case, we think the defendant was justified in assuming that the copy was correct, and that he is not liable to the plaintiff in damages. See *Wilmarth* v. *Burt*, 7 Met. 257, 259, 260.

*Judgment for the defendant.*