JENNIE PETERSON v. AGNES LUTZ.[1]

April 17, 1942.

No. 33,178.

*Douglas X. Juneau* and *Marshall S. Snyder*, for appellant.
*Mark J. McCabe*, for respondent.

LORING, JUSTICE.

Action against the superintendent of the Women's Detention Home of the Minneapolis City Workhouse for false imprisonment. The trial court directed a verdict for defendant at the close of plaintiff's case, judgment was entered, and plaintiff appeals to this court.

Plaintiff was convicted of a federal offense May 4, 1934, in the federal district court and was sentenced to six months' imprisonment, preferably in the State Reformatory for Women, Shakopee, Minnesota. She was placed on probation for two years, which period was extended to May 4, 1939. On December 23, 1937, the same court revoked her probation and ordered her to serve the sentence theretofore imposed. She was delivered to the Ramsey county jail on the 23d, pending transfer to Shakopee, but on December 30 the judgment and commitment issued on the 23d were

[1]Reported in 3 N. W. (2d) 489.

modified by the court so as to substitute the Minneapolis City Workhouse for the Shakopee Reformatory. That same day plaintiff was delivered to the defendant along with a copy of the commitment and modifying order of the 30th. She was confined in the workhouse until May 31, 1938. (Plaintiff was entitled to a five-day deduction for each month of her sentence for good behavior. 18 USCA, § 710.)

Plaintiff contends that she should have been released on May 23, 1938, five months after her imprisonment in the Ramsey county jail, and that she has a cause of action against defendant for wrongful detention.

A jailer or prison superintendent can be held liable for false imprisonment in an action by a prisoner detained beyond the expiration of his sentence. See annotation, 46 A. L. R. 806; cf. Davis v. Bowe, 118 N. Y. 55, 23 N. E. 166; Weigel v. McCloskey, 113 Ark. 1, 166 S. W. 944, Ann. Cas. 1916C, 503. However, a jailer has a defense in such an action if he acted in reliance upon a commitment fair and valid on its face and issued by a court having general jurisdiction to sentence the party therein named. See Weigel v. Brown (8 Cir.) 194 F. 652, 655.

In Henderson v. Preston [1888] 57 L. J. Q. B. D. 607, plaintiff sued a prison governor for false imprisonment. He had been sentenced on August 24, 1887, and a warrant of commitment dated August 24 was issued commanding "the defendant 'to receive the defendant (the present plaintiff) into your custody in the said prison, there to imprison him for the space of seven days, * * *'" Plaintiff was kept in a police cell until August 25, when he was delivered to defendant. Defendant kept him in prison until some time on August 31, plaintiff being confined eight days in all. The court held that the defendant, by acting within the terms of the warrant, was protected by it and that the warrant was a defense to the action. Cf. Martin v. Collins, 165 Mass. 256, 43 N. E. 91, where, due to an error in copying a commitment, plaintiff was detained two months overtime in a workhouse. The court held that he could not recover in tort against the keeper, who had

relied upon the attested copy, the keeper having no reason to believe the copy erroneous.

In view of the cases cited, plaintiff on her own evidence was barred from recovering from defendant in this action, even though she was detained beyond the term of her sentence. Plaintiff's exhibit B, admitted in evidence, contained a return by the marshal, receipt of plaintiff on December 30, 1937, by defendant, and a certified copy of the judgment and commitment and the modifying order. The return showed that defendant got a copy of the commitment and the judgment.

The commitment issued December 23 stated:

"Considered and Adjudged, That as punishment for said offense said defendant, Jennie Peterson, be imprisoned in an institution of the reformatory type, preferably the State Reformatory for Women at Shakopee, Minnesota, for the term of six (6) months; that she be committed to the custody of the Attorney General or his authorized representative for imprisonment as aforesaid and that she be so committed until said term is served or until she is otherwise discharged according to law."

The commitment defendant received (certified copy), modified by the order of December 30, changing the place of detention from the reformatory to the workhouse, was fair and valid on its face and issued by a court having general jurisdiction. The modifying order was dated and the prisoner received at the workhouse December 30. There was nothing in the commitment either before the order or as modified to inform defendant that plaintiff had served any part of her sentence prior to her delivery to the workhouse. Thus the commitment itself entitled (in fact required) defendant to confine plaintiff for six months, less statutory deduction for good behavior, from the date of delivery.

There is no need to decide whether defendant would be liable in spite of the commitment if she had had authoritative information that plaintiff had been held in the Ramsey county jail (suggested in Martin v. Collins, 165 Mass. 256, 43 N. E. 91), for there

is no evidence in the record to support a finding that defendant even knew of the prior confinement. The marshal's return states that plaintiff was so confined, but there is no evidence that defendant saw the return. Plaintiff testified that she told defendant that she thought her sentence expired May 23, 1938, but she did not testify that she told defendant why she so believed.

Plaintiff by her own evidence proved a valid defense for defendant. The order directing a verdict was proper.

Affirmed.