# CHRISTIAN J. TEMPLIN v. CRESTLINER, INC.

116 N. W. (2d) 178.

June 29, 1962—No. 38,470.

*Ryan, Ryan & Ebert,* for appellant.
*Quinlivan & Quinlivan,* for respondent.

PER CURIAM.

Appeal from an order of the district court denying plaintiff's motion for a new trial.

Plaintiff brought suit for injuries sustained when his car collided with the rear of defendant's truck carrier. Defendant denied negligence and claimed that plaintiff was negligent.

The accident occurred on U. S. Highway No. 10 at a point about 4 miles south of Little Falls. This road runs north and south at that point and is a 4-lane divided highway. Plaintiff was driving in the

right half of the southbound lane, following defendant's truck, which was driven by one Laverne Tverberg. Another employee of defendant, Darrell Cameron, was a passenger in the truck and was giving Tverberg a driving test.

According to plaintiff, he was traveling 50 to 55 miles per hour and defendant's truck was traveling 45 to 50 miles per hour. Plaintiff states that he was gradually gaining on the truck and that the truck was slowing down. He says that when he got to a point approximately 50 feet behind the truck, having seen no signals from the truck, he decided to pass it. He pulled to the left but the truck suddenly turned left in front of him. Plaintiff applied his brakes and turned to the right but was unable to avoid a collision. A highway patrolman testified that plaintiff's car laid down 21 paces of skid marks in the right-hand lane.

Defendant on the other hand gives the following version of the accident: Tverberg turned on the truck's signal lights about 300 feet north of a crossover between the north- and southbound lanes and turned into the left lane shortly thereafter. He states that he looked in the rearview mirror at that time and saw plaintiff's car about a quarter of a mile behind and in the right lane. Defendant's two employees stated that at the time of the collision the truck was entirely in the left-hand lane.

Following the collision plaintiff asked Tverberg, "if he didn't realize that he couldn't make a left-hand turn from the right-hand lane." He states that Tverberg made no reply and Cameron "just laughed."

In submitting the case to the jury the trial court read Minn. St. 169.18, subd. 8(a):

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway."

The jury found for defendant, and the trial court denied plaintiff's motion for a new trial.

Plaintiff assigns as error (1) the trial court's denial of the motion for a new trial on the ground that the verdict is not sustained by the

evidence, and (2) the charge regarding following another vehicle too closely.

■ It is well settled in this state that an order denying a motion for a new trial on the ground that the verdict is not justified by the evidence will be reversed on appeal only if there is no evidence reasonably tending to sustain the verdict or if it is manifestly and palpably against the weight of the evidence. The question is not whether a new trial might properly have been granted but whether the trial court violated a clear legal right of defendant or abused its judicial discretion in refusing to grant a new trial. Austin v. Rosecke, 240 Minn. 321, 61 N. W. (2d) 240. As stated in Koller v. Chicago, St. P. M. & O. Ry. Co. 113 Minn. 173, 180, 129 N. W. 220, 223:

"* * * We are not required to reconcile the conflicting evidence, nor to solve doubts arising therefrom. It was for the jury and the trial court to determine the facts."

In the instant case the question as to which version of the accident is correct is a pure fact question and the jury's determination must be accepted unless it is "devitalized by inherent improbability or self-contradiction." Flatt v. Hirmke, 178 Minn. 621, 227 N. W. 853, 854. It is our opinion that the jury could properly find on the evidence here that the accident occurred in the left-hand lane and that defendant's driver was free of any negligence. Moreover, even if the jury accepted the plaintiff's version of the accident, it still could properly under the record here have found the plaintiff guilty of contributory negligence. Under these circumstances there is no ground upon which we could set aside the denial of plaintiff's motion for a new trial.

■ The claim that the trial court erred in its charge to the jury is also without force. If the jury accepted the defendant's version as to how the accident happened, the statute would clearly be applicable to the conduct of the plaintiff.

In addition the trial court instructed the jury that the statutes read to them might or might not be applicable, and that the jury would have to determine the facts and then apply such statutes as were relevant to the facts so determined. Under these circumstances the trial

court's charge will seldom constitute reversible error. As stated in Lee v. Smith, 253 Minn. 401, 412, 92 N. W. (2d) 117, 125:

"* * * What constitutes applicable law depends to some extent upon what the jury finds the facts to be. The trial court is not the trier of fact and need not first determine the facts before instructing the jury. The trial court need only decide what issues exist and then fully and adequately instruct the jury upon such issues."

It is, therefore, our opinion that the order of the trial court must be affirmed.

Affirmed.

Mr. Justice Rogosheske took no part in the consideration or decision of this case.