DEBRA ELIZABETH STUMNE, A MINOR, BY HER FATHER
AND NATURAL GUARDIAN, DONALD C. STUMNE, AND
ANOTHER v. VILLAGE SPORTS AND GAS.

243 N. W. 2d 329.

June 18, 1976—No. 45919.

*Charles W. Anderson* and *Dale A. Gruis*, for appellants.
*Robert W. Gislason* and *James T. Martin*, for respondent.

Heard before Sheran, C. J., Rogosheske, Todd, and Breunig, JJ., and considered and decided by the court en banc.

PER CURIAM.

Plaintiffs appeal from an order of the district court denying their motion for judgment notwithstanding the verdict of the jury or, in the alternative, for a new trial on grounds that the verdict was not justified by the evidence.

---

[2] Hill v. Conroy Brothers Co. Inc. 306 Minn. 358, 237 N. W. 2d 606 (1975).

After school on March 23, 1971, plaintiff Debra Stumne stopped at Village Sports & Gas to purchase gas for her father's car. An employee, John McCullough, pumped the gas and then asked Debra if she wanted to ride in one of the all-terrain vehicles which defendant had on sale. The two of them got into the vehicle and started to move in a route designed to take them in an arc around the gas pumps. After going a short distance, John McCullough attempted to turn the vehicle and it tipped over. The skid marks indicated that, immediately prior to tipping, the vehicle crossed over a railroad tie partially protruding from the ground at the edge of the blacktopped service area. Plaintiffs thereafter brought their action for injuries sustained by Debra Stumne on a negligence theory. At the conclusion of trial, the court instructed the jury on negligence and res ipsa loquitur. The jury found no negligence.

The standard of review in cases where the trial court denies a motion for a new trial on the grounds that the verdict was not justified by the evidence is set forth in the case of Austin v. Rosecke, 240 Minn. 321, 324, 61 N. W. 2d 240, 243 (1953), as follows:

"* * * [T]he order will be reversed on appeal only if there is no evidence reasonably tending to sustain the verdict or if it is manifestly and palpably against the weight of the evidence."

Templin v. Crestliner, Inc. 263 Minn. 149, 116 N. W. 2d 178 (1962); accord, Hestad v. Pennsylvania Life Ins. Co. 295 Minn. 306, 311, 204 N. W. 2d 433, 437 (1973). In Carpenter v. Mattison, 300 Minn. 273, 276, 219 N. W. 2d 625, 628 (1974), we held:

"* * * The law is well settled in this jurisdiction that in examining a verdict on appeal the evidence must be considered in the light most favorable to the prevailing party and the verdict must be sustained if it is possible to do so on any reasonable theory of evidence."

In this case, plaintiff Debra Stumne testified that McCullough was careful in operating the vehicle, that he operated it at a safe speed, and that he maintained a proper lookout. She could not think of a single way in which McCullough caused the accident. She said that she trusted him and that he did nothing to violate that trust.

We find that evidence sufficient to reasonably support the jury verdict and to satisfy the test set forth in Austin v. Rosecke, *supra*.

Plaintiffs' argument suggesting liability on the basis of a duty owed by defendant to Debra Stumne as a business invitee was not pleaded nor were jury instructions on that theory sought or given by the trial judge. The negligence theory, therefore, became the law of the case. Bakke v. Rainbow Club, Inc. 306 Minn. 99, 235 N. W. 2d 375 (1975).

Theories not raised at trial cannot be raised for the first time on appeal. Radke v. Brenon, 271 Minn. 35, 134 N. W. 2d 887 (1965).
Affirmed.