# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 99-3418

| | | |
|---|---|---|
| Sphere Drake Insurance PLC, a foreign | * | |
| insurance company; Unionamerica | * | |
| Insurance Company, Ltd., a foreign | * | |
| insurance company; Copenhagen | * | |
| Reinsurance Company, a foreign | * | |
| insurance company; St. Paul | * | |
| Reinsurance Company, a foreign | * | |
| insurance Company; Terra Nova | * | |
| Insurance Company, Ltd., a foreign | * | |
| insurance company, | * | |
| | * | |
| Appellants, | * | Appeals from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Robert Trisko, doing business as | * | |
| Trisko Designer Jewelry; Trisko | * | |
| Jewelry Sculptures, Ltd., | * | |
| a Minnesota corporation, | * | |
| | * | |
| Appellees. | * | |

No. 99-3468

| | | |
|---|---|---|
| Sphere Drake Insurance PLC, a foreign | * | |
| insurance company; Unionamerica | * | |
| Insurance Company, Ltd., a foreign | * | |
| insurance company; Copenhagen | * | |

Reinsurance Company, a foreign             *
insurance company; St. Paul                *
Reinsurance Company, a foreign             *
insurance Company; Terra Nova              *
Insurance Company, Ltd., a foreign         *
insurance company,                         *
                                           *
                    Appellees,             *
                                           *
              v.                           *
                                           *
Robert Trisko, doing business as           *
Trisko Designer Jewelry; Trisko            *
Jewelry Sculptures, Ltd.,                  *
a Minnesota corporation,                   *
                                           *
                    Appellants.            *

_____

Submitted:  June 15, 2000

Filed:  September 13, 2000
_____

Before MURPHY, HEANEY, and MAGILL, Circuit Judges.
_____

HEANEY, Circuit Judge.

Robert Trisko, doing business as Trisko Designer Jewelry and Trisko Jewelry Sculptures, Ltd., sustained a loss of jewelry that was insured collectively by Sphere Drake Insurance, PLC, UnionAmerica Insurance Company, Ltd., Copenhagen Reinsurance Company, St. Paul Reinsurance Company, and Terra Nova Insurance Company (the insurers).  The insurers brought suit in the district court seeking a

2

declaratory judgment that the loss was excluded from coverage. The jury found for Trisko, and following post-trial motions, judgment was entered accordingly. The insurers appeal, arguing that evidentiary errors mandate a new trial, and alternatively that the evidence was insufficient to sustain the jury verdict. Trisko cross-appeals the district court's prejudgment interest calculation. For the reasons articulated below, we affirm.

## BACKGROUND

Trisko designs and sells unique pieces of jewelry. Trisko peddles these so-called "wearable sculptures" at art and jewelry shows throughout the country. He transports the jewelry from his home base in Waite Park, Minnesota, to various bazaars.

On the weekend of November 29 though December 1, 1996, Trisko and some of his employees were scheduled to attend shows in Florida. Because Trisko often frequents shows in Florida, he maintains a van there that he uses to transport the jewelry to shows. However, on this weekend, he had two shows to attend simultaneously, one in Miami and the other in Boca Raton. He decided that he and a fellow employee, Eric Liberacki, would work the Miami show, and other employees would work the Boca Raton show. He allowed the other employees to use the van, while he and Liberacki rented a car for the Miami show.

As dusk approached on Sunday, December 1, Trisko and Liberacki began to break down their display. They wrapped each piece of jewelry in its own plastic bag to avoid scuffing or scratching the pieces, and placed all the jewels in two small suitcases. The process of breaking down their display and preparing the jewelry for travel took roughly an hour.

After they finished breaking down the display, Trisko and Liberacki put the jewels in the trunk of their rented Buick, and waited for the other employees to join

3

them following completion of the Boca Raton show. Trisko and Liberacki first waited outside the Buick, with their complete attention focused on the car. After about half an hour, they moved inside the vehicle. While inside the car, they played the radio, read the newspaper, and talked about hockey to pass the time. At no time while standing outside the car or sitting inside it did Trisko or Liberacki see or hear anything unusual.

Eventually the Boca Raton contingent arrived, and the caravan went to the airport to drop off the rental car. When Liberacki opened the Buick's trunk to transfer the jewelry to the van, he discovered both suitcases and all the jewelry they contained were gone.

Trisko had an insurance policy on his wares, often referred to as a "Jewelers Block" policy. The policy insured the jewelry against loss or damage. It did not, however, cover what it termed as any "unexplained loss" or "mysterious disappearance" of the jewelry. Neither did it cover a loss that occurred while the jewelry was within a vehicle, unless Trisko or his employees were also in the vehicle.

The insurers sought a declaratory judgment that Trisko's loss was excluded from coverage as a mysterious disappearance. The insurers further argued that while the loss may have been the result of a theft from the Buick, such loss was excluded because Trisko could not prove the theft took place while he or Liberacki were in the car.

A jury trial ensued, and the jury found in favor of Trisko in the amount of $275,554.99. The insurers appeal, contending that various evidentiary errors mandate a new trial. They alternatively argue that they are entitled to judgment as a matter of law because Trisko failed to prove his loss was covered by the policy. Trisko cross-appeals the district court's calculation of prejudgment interest.

4

## DISCUSSION

### I. Evidentiary Rulings.

The insurers' evidentiary objections center around the testimony of George Michael Crowley, a detective with the Miami-Dade Police Department. At trial, Trisko offered Crowley's deposition testimony as that of an expert witness who would assist the jury in understanding the jewelry's disappearance. Through Crowley, the jury heard evidence and viewed exhibits regarding crime in the Miami area. Crowley further testified that two informants, identified only as Hernando and Freddy, told him that two individuals had been paid $20,000 each to steal Trisko's jewelry. Crowley then expressed his opinion that Trisko's loss did not constitute a mysterious disappearance, but rather was likely a theft.

The district court is afforded substantial deference in its evidentiary rulings, and we review for an abuse of discretion. See Clark v. Heidrick, 150 F.3d 912, 914-15 (8th Cir. 1998).

We first consider whether the district court erred in permitting Crowley to opine that the loss was not a mysterious disappearance. The insurers seem to argue that Crowley was not qualified to offer such an opinion and that the basis for his opinion is unreliable.

Expert testimony should be admitted if the expert's specialized knowledge will assist the trier of fact in determining an issue in the case. See id. at 915. "[D]oubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility." Id. (internal quotation marks omitted). Attacks on the foundation for an expert's opinion, as well as the expert's conclusions, go to the weight rather than the admissibility of the expert's testimony. See Arkwright Mut. Ins. Co. v. Gwinner Oil, Inc., 125 F.3d 1176, 1182-83 (8th Cir. 1997).

There is no doubt that Crowley was qualified as an expert on theft in the Miami area. He investigated thefts in the area for several years, and has specialized knowledge of jewel thieves and their methods of operation. Further, his investigation of Trisko's theft afforded him distinct knowledge of this case outside of the jury's common experience. Although the insurers challenge the basis for his opinion, such a critique should be engendered through thorough cross-examination, and not through the wholesale exclusion of the expert's testimony.

The insurers next complain about the hearsay statements of Freddie and Hernando, introduced through the testimony of Crowley. Had these hearsay statements been introduced for their truth, they would be inadmissible. See Fed. R. Evid. 802. However, as an expert, Crowley was entitled to rely on otherwise inadmissible hearsay in forming the basis of his opinion, so long as the hearsay is of the type reasonably relied upon by experts in his field. See Fed. R. Evid. 703; Brennan v. Reinhart Institutional Foods, 211 F.3d 449, 450 (8th Cir. 2000). Crowley testified that he regularly relied on the statements of informants as an investigating officer. He likewise was permitted to do so in forming the basis of his expert opinion.

An expert may "testify about facts and data outside of the record for the limited purpose of exposing the factual basis of the expert's opinion." Brennan, 211 F.3d at 451. The district court specifically instructed the jury "to give no weight to the statements of Hernando or Freddie in the consideration of the issues in this case. You are to consider that testimony only in developing what Detective Crowley did in the course of his investigation." (Tr. Vol. III at 596.) Because the hearsay statements were not admitted for their truth, but rather only to inform the jury of the factual basis of Crowley's expert opinion, they were properly admitted by the district court.

Lastly, we analyze whether evidence of similar crime in the Miami area was admissible. To be admissible, evidence must be relevant to some issue in the case. See Fed. R. Evid. 401, 402. At trial, the insurers argued that the loss of the jewelry was

6

excluded from coverage as a "mysterious disappearance" or "unexplained loss." In order to prove his case, Trisko was required to present some plausible explanation for the jewelry's disappearance. Accordingly, Trisko was permitted to show that, despite noticing nothing unusual while in the car, and despite not catching any thieves red-handed, a theft nevertheless may have occurred. The evidence complained of did just that: it provided the jury with information about jewel thieves at work in the Miami area around the same time period, whose stealthy methods made them difficult to detect. Cf. Clark, 150 F.3d at 915 (allowing defense expert to testify as to other possible causes of plaintiff's harm so that jury was not left to think that only way harm could have occurred was as plaintiff suggested). Additionally, the fact of other similar crimes in the area was independently admissible for the limited purpose of explaining the basis of Crowley's expert opinion with regard to Trisko's jewelry. See Brennan, 211 F.3d at 451.

## II.     Sufficiency of the Evidence.

The insurers contend that they are entitled to judgment as a matter of law because Trisko failed to prove that the loss was not excluded from coverage. We review de novo the district court's denial of a motion for judgment as a matter of law, evaluating the evidence in the light most favorable to the nonmoving party, and affording the nonmoving party the benefit of all reasonable inferences. See Gray v. Bicknell, 86 F.3d 1472, 1478 (8th Cir. 1996). "This demanding standard reflects our concern that, if misused, judgment as a matter of law can invade the jury's rightful province." Gardner v. Buerger, 82 F.3d 248, 251 (8th Cir. 1996); see Lavender v. Kurn, 327 U.S. 645, 652-53 (1946).[1]

---

[1]We recognize that "[t]here is some uncertainty about whether federal courts should apply state law standards or federal law standards to motions for a judgment notwithstanding the verdict in diversity cases." Keenan v. Computer Assocs. Int'l, Inc., 13 F.3d 1266, 1269 n.3 (8th Cir. 1994) (comparing conflicting decisions of Third and

Employing the above standard, the evidence here showed the following: Trisko and Liberacki, after participating in an art show, began to close down their booth on Sunday evening. They placed the jewelry in two suitcases, which they then locked in the trunk of their rented Buick. They attentively watched the Buick while standing outside of it, and saw nothing unusual. After a while, they entered the passenger compartment of the car, and at least one of them stayed in the car until the Boca Raton contingent arrived, and again noticed nothing unusual. However, they were not paying as much attention to their environment as they had been while outside the car. Upon returning the rental car, they discovered the suitcases and the jewelry were gone, although the car showed no sign of structural trauma.

Trisko further presented evidence that jewel theft was prevalent in Miami, and that sophisticated thieves could steal the suitcases from the Buick's trunk without being noticed and without damage to the Buick's trunk. Trisko's expert opined that this is just what happened. Moreover, a number of pieces that Trisko reported as stolen from the Miami show turned up several months later in a Miami jewelry store.

Because Trisko did not present direct evidence of precisely what happened to the jewelry or precisely when it disappeared, the insurers contend that any verdict in Trisko's favor must have been based purely on speculation and conjecture. Long ago, the Supreme Court recognized the fallacy of the argument now espoused by the insurers:

---

Seventh Circuits). However, we need not consider this issue in depth, for the federal and Minnesota standards appear nearly identical. Compare Gray, 86 F.3d at 1478 (advising courts to "deny the motion if the evidence would allow reasonable jurors to differ as to the conclusions that could be drawn") with Pouliot v. Fitzsimmons, 582 N.W.2d 221, 224 (Minn. 1998) ("an appellate court must not set the verdict aside if it can be sustained on any reasonable theory of the evidence").

> Whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference.

Lavender, 327 U.S. at 653.

The jury was expected to draw inferences from the evidence and use reason to determine what happened. A reasonable inference from Trisko's evidence is that he is the victim of an unsolved theft that occurred while he was within the vehicle. The jury so found. Although the insurers dislike the result, they "cannot win a motion for judgment [as a matter of law] by labelling as 'speculation' those reasonable inferences [they] would rather the jury not draw." Gardner, 82 F.3d at 252. The jury's verdict is consistent with the evidence, and will not be disturbed.

## III.    Interest Calculation.

Trisko argues that the district court erred in calculating prejudgment interest on his award. We disagree. First, it is clear that Minnesota's general statute regarding interest on verdicts governs his award. See Minn. Stat. § 549.09 (2000). Using this statute, the district court correctly calculated the rate of interest for Trisko's claim to be five per cent. See Minn. Stat. § 549.09, subd. 1(c) (2000).

Trisko contends that he is entitled to compound interest on his award. Compound interest is "[i]nterest paid on both the principal and the previously accumulated interest." Black's Law Dictionary 817 (7th ed. 1999). Simple interest, in contrast, is "[i]nterest paid on the principal only and not on accumulated interest." Id. The governing statute provides that prejudgment interest "shall be computed as simple interest per annum." § 549.09, subd. 1(c). Accordingly, the district court

9

correctly determined that Trisko was not entitled to have the interest on his award compounded annually.

## CONCLUSION

For the above-stated reasons, we affirm the district court in all respects.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.