*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0009**

Jason Jalony Cox,
Appellant,

vs.

Dakota County, et al.,
Respondents.

**Filed September 8, 2015
Affirmed
Hudson, Judge**

Dakota County District Court
File No. 19HA-CV-13-2110

Pao P. Yang, St. Paul, Minnesota (for appellant)

James C. Backstrom, Dakota County Attorney, Helen R. Brosnahan, Jeffrey A. Timmerman, Assistant County Attorneys. Hastings, Minnesota (for respondent)

Considered and decided by Hudson, Presiding Judge; Schellhas, Judge; and Reilly, Judge.

## U N P U B L I S H E D   O P I N I O N

**HUDSON**, Judge

Appellant challenges the district court's grant of judgment as a matter of law following a jury trial of appellant's claim for false imprisonment, arguing that the district

court erred by concluding that respondent county could not be held vicariously liable when the jury found the only county official named as a defendant not liable. We affirm.

**FACTS**

This appeal arises out of appellant Jason Jalony Cox's detention in the Dakota County Jail between May 5, 2011, and June 9, 2011. Cox was arrested on April 13, 2011, on domestic-assault and related charges and appeared in Dakota County District Court on April 14, 2011. Unable to meet the conditions set for release on April 14, Cox remained in jail until his omnibus hearing on May 5, 2011. At that hearing, the district court issued a probable cause and scheduling order (PCS order), setting dates for a settlement conference (June 8, 2011) and trial (June 28, 2011). The PCS order also includes a handwritten note: "release to other holds." But the district court judge did not issue a release order, which is the usual practice in Dakota County for directing release of an inmate.

Following the omnibus hearing, Cox was returned to the Dakota County Jail, which is operated by the Dakota County Sherriff's Office. Later that same day, Kathy Karnick, an employee of the sheriff's office, sent an e-mail to the district court that she had not received a disposition for Cox after his court appearance that day. A senior court clerk received Karnick's e-mail and, finding no release order or indication in the computer system that Cox should be released, e-mailed Karnick a form entitled "In Custody Jail Notification – Status of Defendant," indicating that Cox's conditions of release were "continued." The form was e-mailed in accordance with a procedure, sometimes referred to as "Livescan," that was established by the district court and

2

sheriff's office for the purpose of communicating inmate dispositions following court proceedings. Karnick relied on the e-mailed form to continue Cox's incarceration until the June 8 hearing.

On June 8, 2011, Cox appeared before the district court again, and a different judge issued a release order. On June 9, 2011, Cox was released to the custody of Hennepin County, which subsequently released him to the custody of St. Louis County, where he remained incarcerated until his Dakota County trial on June 28, 2011. Cox was convicted on all charges in Dakota County and sentenced to serve 365 days in the Dakota County Jail, with 230 days stayed for two years, and a credit of 135 days for time served.

In March 2013, Cox initiated a civil lawsuit, asserting that he was falsely imprisoned between May 5 and June 9, 2011, and seeking to recover damages from respondent Dakota County and Karnick.[1] Following a two-day trial, a jury returned a special verdict finding that Karnick did not falsely imprison Cox, but that the county did, and awarding him $10,000 in damages. The county moved for judgment as a matter of law (JMOL), arguing, inter alia, that there was no evidentiary basis for the county's liability because Karnick was found not liable. The district court granted JMOL on that ground, and Cox appeals.

## DECISION

"The district court's grant of JMOL is a question of law subject to de novo review." *Longbehn v. Schoenrock*, 727 N.W.2d 153, 159 (Minn. App. 2007).

---

[1] Cox also initially sued the State of Minnesota and the senior court clerk, but voluntarily dismissed those claims in response to a motion for summary judgment on immunity grounds.

3

> JMOL is appropriate when a jury verdict has no reasonable support in fact or is contrary to law. *Diesen v. Hessburg*, 455 N.W.2d 446, 452 (Minn. 1990). Courts "must view the evidence in the light most favorable to the nonmoving party and determine whether the verdict is manifestly against the entire evidence or whether despite the jury's findings of fact the moving party is entitled to judgment as a matter of law." *Navarre v. S. Washington County Schs.*, 652 N.W.2d 9, 21 (Minn. 2002). The jury's verdict will not be set aside "if it can be sustained on any reasonable theory of the evidence." *Pouliot v. Fitzsimmons*, 582 N.W.2d 221, 224 (Minn. 1998).

*Id.* An internally inconsistent verdict is perverse and cannot stand. *See Ayer v. Chicago, M., St. P. & P. R.R. Co.*, 187 Minn. 169, 172, 244 N.W. 681, 682 (1932) (granting railroad company new trial after jury verdict finding railroad company liable but railroad employee alleged to be negligent not liable).

The district court granted JMOL to the county, concluding that there was no evidentiary basis for holding the county vicariously liable for false imprisonment. "[T]he elements of false imprisonment are (1) words or acts intended to confine, (2) actual confinement, and (3) awareness by the plaintiff that he is confined." *Blaz v. Molin Concrete Prods. Co.*, 309 Minn. 382, 385, 244 N.W.2d 277, 279 (1976) (citing Restatement (Second) of Torts § 35 (1965)) (other citations omitted). "A jailer or prison superintendent can be held liable for false imprisonment in an action by a prisoner detained beyond the expiration of his sentence." *Peterson v. Lutz*, 212 Minn. 307, 308, 3 N.W.2d 489, 489 (1942). "However, a jailer has a defense in such an action if he acted in reliance upon a commitment fair and valid on its face and issued by a court having general jurisdiction to sentence the party therein named." *Id.*

Generally, "every municipality is subject to liability for its torts and those of its officers, employees and agents acting within the scope of their employment or duties whether arising out of a governmental or proprietary function." Minn. Stat. § 466.02 (2014); *see also* Minn. Stat. § 466.01 (2014) (including county in definition of municipality). "[A]n employer may be held liable for even the intentional misconduct of its employees when (1) the source of the attack is related to the duties of the employee, and (2) the assault occurs within work-related limits of time and place." *Fahrendorff ex rel. Fahrendorff v. N. Homes, Inc.*, 597 N.W.2d 905, 910 (Minn. 1999) (quotations omitted). Liability is imposed under Minn. Stat. § 466.02 under a theory of respondeat superior. *Watson by Hanson v. Metro. Transit Comm'n*, 553 N.W.2d 406, 414 (Minn. 1996). But importantly, "[f]or respondeat superior to lie, there must be, first, an actor personally liable for the tort, and, second, the actor must be within the scope of the employment by the employer." *Leaon v. Washington County*, 397 N.W.2d 867, 874 (Minn. 1986).

In this case, the jury found that Karnick did not falsely imprison Cox, and Cox does not challenge that finding on appeal. Rather, Cox argues that the jury could have found the county liable based on the underlying conduct of other county employees, specifically, Karnick's supervisors or an unidentified courtroom deputy who was present at the omnibus hearing. Cox's argument fails because there is no evidence in the record that would support the requisite finding of intent on the part of any of these employees. The sole testimony regarding Karnick's supervisors is that they trained her to use the Livescan procedure to process inmate dispositions following court appearances. With

respect to the courtroom deputies, Cox testified that the judge announced his disposition—release to other holds—on the record. But a sergeant from the sheriff's office testified that the Livescan program was created to relieve the deputies of the responsibility of reporting dispositions of inmates following court proceeding. Thus, the undisputed evidence establishes that the only county employee who formed an intent about whether to (continue to) confine Cox was Karnick, whom the jury found not liable. Accordingly, we affirm the district court's grant of JMOL.[2]

**Affirmed.**

---

[2] Because we conclude that JMOL is warranted on the same grounds as the district court, we need not reach the county's alternative arguments for affirmance.